FRANK SHERMAN, *alias* JOHN ROSSER, *alias* ALFRED YEAGER, *alias* ALFRED YATES, *alias* ALFRED ATWOOD, *alias* ARTHUR YOUNG, *alias* HENRY GEORGE V. THE STATE.

No. 20,574. Delivered December 6, 1939.
Rehearing Denied January 24, 1940.

The opinion states the case.

*W. Joe Bryan and Fryer & Milstead,* all of El Paso, for appellant.

*Roy D. Jackson,* District Attorney, and *Harold S. Long,* Assistant District Attorney, both of El Paso, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction is for theft; penalty assessed at confinement in the penitentiary for ten years.

This is a companion case, separately tried, to that of Jack Vaughn v. State, (No. 20,573) this day decided by the court. (Page 62 of this volume). They were companions in the transaction. The questions of fact, as well as the questions of law, are identical. We, therefore, adopt our opinion in the Vaughn case as the opinion in this case. Accordingly, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, again insists that

he was entitled to an instruction to the effect that if the injured party voluntarily and of his own free will delivered the money in question to the defendant with the intention of passing title as well as possession thereof, or if the jury had a reasonable doubt thereof, to acquit him. He was not entitled to such an instruction, because the money was obtained by means of a false pretext and the evidence did not raise the issue. The testimony, in our opinion, shows only that the injured party allowed the defendant to take the money with a condition subsequent attached—that they should later divide the entire proceeds. See Dix v. State, 136 Tex. Crim. Rep., 296, 124 S. W., (2d), 998, where the authorities are collected. If this court, in cases like the one at bar, should hold that where property was obtained by false pretext, an accused would be entitled to such a charge as was here requested, it would virtually set at nought the statute relative to theft by false pretext.

Appellant next contends that the injured party, Tallman, was an accomplice to the offense of theft from himself of property over the value of $50. This certainly is not sound as a legal proposition.

All other matters complained of have already been discussed in the original opinion in Vaughn v. State, 134 S. W. (2d) 290, and we see no need of again discussing them.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.